UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT A. MARTIN, JR.,

    *Plaintiff*,

v.

SAGINAW, *et al.*,

    *Defendants*.
_____/

CASE NO. 20-CV-11867

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.[1]

**II.    REPORT**

    **A.    Introduction**

On July 3, 2020, Plaintiff Vincent A. Martin, Jr. filed the instant 541-page *pro se* Complaint against 15 defendants, including the sheriff and undersheriff, "Parishioners on Patrol" and all male and female residents of 2318 Hampshire Street, in Saginaw, Michigan. (ECF No. 1). He simultaneously filed motions entitled prosecutorial motions for ADA accommodations, for ex parte restraining order, for a petition to show cause, to sanction counsel and to disqualify counsel. (ECF Nos. 3, 4, 6, 7, and 9.) On July 24, 2020, he filed a motion for hearing/entry of findings on the first

---

[1] I note that in the event this Report and Recommendation is adopted, Plaintiff's remaining pending motion (ECF Nos. 3, 4, 6, 7, 16) will be moot.

two motions. (ECF No. 16.) On July 14, 2020, U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. (ECF No. 14.)

### B. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When reviewing a complaint filed without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001).

### C. Analysis

Plaintiff's 541-page Complaint against 15 defendants, including the sheriff and undersheriff, "Parishioners on Patrol" and all male and female residents of 2318 Hampshire Street, in Saginaw, Michigan, is nearly indecipherable. (ECF No. 1). Even after looking to other motions filed by him, it is difficult to discern any pertinent information. One kernel of factual information indicates that on "January 02, 2020 the Plaintiff received a Criminal Citation from Saginaw City Police Department Opening a Formal Criminal Matter; Alleging that Mr. Vincent A. Martin Jr. Was in violation of the Saginaw City OD-151, the Vacant Property Registration; A Criminal Case was entered against the Plaintiff in this Matter as Case No. 20-757-ON-3 in the 70th District Court, before the Hon. David D. Hoffman...despite multiple attempts by the Plaintiff to seek services and intervention that were denied, but could have ensured the Plaintiff was able to reside at the property." (ECF No. 1, PageID.11.)  Plaintiff also indicates that he is hearing impaired and homosexual and thus, in a protected class. (ECF No. 1, PageID.15.) Plaintiff cites case law, Amendments I, IV, V, and XIV of the U.S. Constitution, statutes (criminal, negligence, land conversion and the ADA), and articles about domestic violence. Plaintiff describes being called derogatory names based on his sexual orientation and being forced off his property located at 3353 Drexel Dr. (ECF No. 1, PageID.16-17.)  It appears that the Mileage Defendants and residents of 2318 Hampshire Street are alleged to have "forced occupation and appropriation" of Plaintiff's property on Drexel Street by parking there. (ECF No. 1, PageID.61-65.)

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." FED. R. CIV. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Clearly the complaint in this case is in violation of Rule 8.

Where, as here, a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corrections*, 16 Fed. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. CIV S-07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

In addition to being subject to dismissal for being in violation of Rule 8, I also suggest that the complaint is subject to dismissal for lack of subject matter jurisdiction. From the best I can discern from the complaint, Plaintiff is seeking to overturn or stop enforcement of the criminal

4

complaint that was filed against him in the Saginaw County District Court. Such an action Is barred by the *Rooker-Feldman* doctrine. This doctrine was established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), provides that only the United States Supreme Court possesses the power to review state court findings, or to adjudicate claims which are "inextricably intertwined" with issues decided in state court proceedings. In other words, lower federal courts lack jurisdiction to hear claims wherein the "plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). *Rooker-Feldman* "bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005).

For all these reasons, I recommend the Complaint be *sua sponte* dismissed and the remaining motions be denied as moot.

## III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others,

will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 30, 2020               S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Vincent A. Martin, Jr. at P.O. Box 11405, Saginaw, MI 48601.

Date: July 30, 2020               By s/Kristen Castaneda
                                  Case Manager