UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT A. MARTIN, JR.,

            Plaintiff,

v.                                          Case No. 20-11867
                                          Honorable Thomas L. Ludington
                                          Magistrate Judge Patricia T. Morris

SAGINAW, et al.,

            Defendants.

_____/

## OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING ALL MOTIONS AS MOOT

On May 17, 2018, Plaintiff Vincent A. Martin, Jr., filed a *pro se* complaint against 15 defendants, including the City of Saginaw, City of Saginaw Police Department, County of Saginaw, Saginaw County Sheriff W.C. Federspiel and Undersheriff Miguel Gomez, Mark Toaz, and all male and female residents of 2318 Hampshire Street, Saginaw, Michigan.[1] ECF No. 1. Plaintiff's complaint is 541 pages long. *Id.* He simultaneously filed motions for "ADA accommodations," "ex parte restraining order," "petition to show cause," and to sanction and disqualify counsel. ECF Nos. 3, 4, 6, 7, and 9. On July 14, 2020, all pretrial matters were referred to Magistrate Judge Morris. On July 24, 2020, Plaintiff filed a motion for a hearing on his motions for ADA accommodations and an ex parte restraining order. ECF No. 16.

On July 30, 2020, Magistrate Judge Morris issued a Report and Recommendation, recommending that Plaintiff's complaint be dismissed sua sponte for violation of Federal Rule of Civil Procedure 8 and lack of subject matter jurisdiction. ECF No. 18. On August 6, 2020,

---

[1] Defendants City of Saginaw and City of Saginaw Police Department were improperly named "Saginaw City Municipal Corporation." ECF No. 21 at PageID.756.

Defendants City of Saginaw, City of Saginaw Police Department, and Mark Toaz moved this Court

for a more definite statement or to strike Plaintiff's complaint. ECF No. ECF No. 21. Defendants

Saginaw County, Saginaw County Sherriff W.C. Federspiel, and Saginaw County Undersheriff

Miguel Gomez similarly moved this Court for a more definite statement on August 11, 2020. ECF

No 23. On August 20, 2020, Plaintiff filed his objections to the Report and Recommendation. ECF

No. 24. For the reasons stated below, Plaintiff's objections will be overruled, the Report and

Recommendation will be adopted, Plaintiff's complaint will be dismissed, and all motions will be

denied as moot.

## I.

## A.

Plaintiff's 541-page complaint is "nearly indecipherable." ECF No. 18 at PageID.745. A

liberal reading of the complaint suggests that Plaintiff seeks injunctive relief in the form of criminal

proceedings against his neighbors and declaratory relief with respect to ownership or possession

of property. As Magistrate Judge Morris stated:

> Plaintiff's 541-page Complaint against 15 defendants, including the sheriff and
> undersheriff, "Parishioners on Patrol" and all male and female residents of 2318
> Hampshire Street, in Saginaw, Michigan, is nearly indecipherable. (ECF No. 1).
> Even after looking to other motions filed by him, it is difficult to discern any
> pertinent information. One kernel of factual information indicates that on "January
> 02, 2020 the Plaintiff received a Criminal Citation from Saginaw City Police
> Department Opening a Formal Criminal Matter; Alleging that Mr. Vincent A.
> Martin Jr. Was in violation of the Saginaw City OD-151, the Vacant Property
> Registration; A Criminal Case was entered against the Plaintiff in this Matter as
> Case No. 20-757-ON-3 in the 70th District Court, before the Hon. David D.
> Hoffman...despite multiple attempts by the Plaintiff to seek services and
> intervention that were denied, but could have ensured the Plaintiff was able to
> reside at the property." (ECF No. 1, PageID.11.) Plaintiff also indicates that he is
> hearing impaired and homosexual and thus, in a protected class. (ECF No. 1,
> PageID.15.) Plaintiff cites case law, Amendments I, IV, V, and XIV of the U.S.
> Constitution, statutes (criminal, negligence, land conversion and the ADA), and
> articles about domestic violence. Plaintiff describes being called derogatory names
> based on his sexual orientation and being forced off his property located at 3353

Drexel Dr. (ECF No. 1, PageID.16-17.)  It appears that the Mileage Defendants and residents of 2318 Hampshire Street are alleged to have "forced occupation and appropriation" of Plaintiff's property on Drexel Street by parking there. (ECF No. 1, PageID.61-65.)

ECF No. 18 at PageID.745.

### B.

Magistrate Judge Morris recommended that Plaintiff's complaint be dismissed sua sponte on two grounds: (1) violation of Rule 8 of the Federal Rules of Civil Procedure, and (2) lack of subject matter jurisdiction. Under Rule 8, complaints must provide "a short and plain statement of the claim," and "each allegation must be simple concise, and direct." Fed. R. Civ. P. 8. Complaints that fail to comply with Rule 8 are subject to dismissal. *See Brown v. Suppes*, No. 2:16-CV-13725, 2016 WL 7242146, at *2 (E.D. Mich. Dec. 15, 2016) (dismissing 800-page pro se complaint for violating Rule 8(a)). As Magistrate Judge Morris explained:

> Where, as here, a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corrections*, 16 Fed. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. CIV S-07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

ECF No. 18 at PageID.746. Accordingly, Magistrate Judge Morris found that Plaintiff's 541-page complaint failed to satisfy Rule 8 and was therefore subject to dismissal.

### C.

Magistrate Judge Morris also recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. ECF No. 18 at PageID.746-47. Because his complaint requests federal intervention in state court proceedings, Plaintiff's action implicates the federal abstention doctrines, including *Rooker-Feldman*.[2] Magistrate Judge Morris discussed the issue as follows:

> In addition to being subject to dismissal for being in violation of Rule 8, I also suggest that the complaint is subject to dismissal for lack of subject matter jurisdiction. From the best I can discern from the complaint, Plaintiff is seeking to overturn or stop enforcement of the complaint that was filed against him in the Saginaw County District Court. Such an action is barred by the *Rooker-Feldman* doctrine. This doctrine [which] was established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), provides that only the United States Supreme Court possesses the power to review state court findings, or to adjudicate claims which are "inextricably intertwined" with issues decided instate court proceedings. In other words, lower federal courts lack jurisdiction to hear claims wherein the "plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). *Rooker-Feldman* "bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the party's claim that the state judgment itself violates the loser's federal rights." *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005).

ECF No. 18 at PageID.746-47. Given her recommendation regarding the complaint, Magistrate Judge Morris also recommended that Plaintiff's motions be denied as moot. *Id.* at PageID.747.

### II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections

---

[2] Further, the Court cannot institute criminal proceedings against Defendants because "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114 (1979). To the extent that Plaintiff requests intervention in ongoing criminal proceedings, the Court must abstain pursuant to the *Younger* doctrine. *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004) ("Under the abstention doctrine announced in *Younger*, federal courts should abstain from deciding a matter that implicates pending state criminal proceedings.").

are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Defendant filed two objections to the Report and Recommendation. ECF No. 24.

### A.

After reciting some findings from the Report and Recommendation, Objection 1 states, "The Plaintiff Objects to the Magistrates [sic] recommendation of a Dismissal with Prejudice."[3] ECF No. 24 at PageID.790. Plaintiff then offers four "exceptions" that purportedly provide some factual or legal basis for Objection 1. *Id.* While Objection 1 was clearly not stated with specificity, the Court will nonetheless address each of Plaintiff's "exceptions" in turn.[4]

Exception 1 argues that the Court should exercise supplemental jurisdiction (here, "pendent jurisdiction") under 28 U.S.C. § 1367, given Plaintiff's "exceptional circumstances." ECF No. 24 at PageID.789. The issue of pendent jurisdiction arises when a federal court has federal question jurisdiction over the federal claims in an action but not the related state claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The problem here is a lack of subject matter jurisdiction over all of Plaintiff's claims, so pendent jurisdiction under 28 U.S.C. § 1367 is inapplicable.

Exception 2 asserts that a dismissal of the complaint would be improper because a "substantial exigent circumstance" would remain unsettled—namely, the ownership of some property.[5] ECF No. 24 at PageID.790. Plaintiff's allegations are vague, but he seems to allege that there is an ongoing property dispute involving his payment of property taxes and adverse possession by others.[6] *Id.* However, Plaintiff fails to explain how this situation is "exigent" and to provide any legal rationale relating to Objection 1.

---

[3] The Report and Recommendation does not state that the dismissal should be with prejudice. *See* ECF No. 18.
[4] Between Objection 1 and 2 there is a section entitled "Authority Argument and Rational [sic]." ECF No. 24 at PageID.792. The text and headings of this section seem loosely related to the "exceptions" Plaintiff states elsewhere.
[5] Plaintiff seems to elaborate on this point later in his objections. *See* ECF No. 24 at PageID.793-94 (including a heading entitled "[t]he existence of an Adverse Real Property Ownership and Boundary Dispute").
[6] To the extent Plaintiff seeks to assert title to property, he should bring an action in state court. *See, e.g., Willner v. Frey*, 421 F. Supp. 2d 913, 923 (E.D. Va. 2006) (holding that *Rooker-Feldman* barred collateral attack on adverse possession judgment), *aff'd*, 243 F. App'x 744 (4th Cir. 2007).

Exception 3 states that Plaintiff is hearing impaired, suffers from a mental disability, and is therefore a "vulnerable person" under Michigan law. ECF No. 24 at PageID.791. According to Plaintiff, dismissing his complaint would thus be "contrary to the outlined 'legal considerations' intended by the Michigan Social Welfare Act and the Michigan Adult Protective Services." *Id.* Plaintiff does not elaborate on these "legal considerations" and provides no authority to support his argument.[7]

Exception 4 contends that certain Defendants, seemingly the occupants of 2318 Hampshire Street, "acted in violation of [MCL 750.552(a)] and [MCL 750.411(h)]" by throwing a copy of Plaintiff's complaint at his house and "dumping large numbers of glass bottles in Plaintiff's yard after being served with the [c]omplaint." ECF No. 24 at PageID.791-92. Assuming these facts are true, Plaintiff fails to explain how they support his objection to the Report and Recommendation. To the extent that Plaintiff believes he has been a victim of criminal activity, he should report such activity to the Saginaw Police Department or other appropriate authorities.

Based on the foregoing, none of Plaintiff's "exceptions" provide any legal support to Objection 1. Objection 1 will therefore be overruled.

**B.**

Objection 2 essentially recites Objection 1 but provides a different rationale: Plaintiff concurred with Defendants City of Saginaw, City of Saginaw Police Department, and Mark Toaz in their motion for a more definite statement or to strike the complaint. Defendants' motion confirms that Plaintiff concurred with their request for a more definite statement. ECF No. 21 at PageID.765 (email exchange indicating concurrence). Attached to Defendants' motion are two exhibits, both are entitled "Concurrence of Motion Moving to Strike the Complaint Pleading [sic]."

---

[7] Plaintiff seems to add to this point later but provides no pertinent legal analysis. *See* ECF No. 24 at PageID.794-96.

*Id.* at PageID.766-69. Both are stylized like motions, dated August 5, 2020, and appear to have been authored by Plaintiff. *Id.* Both exhibits state essentially the same thing: that on August 4, 2020, defense counsel contacted Plaintiff for concurrence, and, after a telephone conversation, Plaintiff agreed that he would concur and move for voluntary dismissal without prejudice and leave to amend his complaint. *Id.*

Plaintiff does not explain how these facts support Objection 2. Plaintiff's concurrence with Defendants' motion, filed after the Report and Recommendation, does not refute Magistrate Judge Morris' conclusion that the complaint should be dismissed for violating Rule 8 and for lack of subject matter jurisdiction. Nearly a month has passed since the Report and Recommendation was entered, and nearly three weeks have passed since Plaintiff's conversation with defense counsel. Whatever his intent at the time of concurrence, Plaintiff has not moved for voluntary dismissal or for leave to amend his complaint, nor offered any explanation as to how he would amend his 541-page complaint. For these reasons, Objection 2 will be overruled.

**IV.**

Accordingly, it is **ORDERED** that Defendant's objections to Magistrate Judge Morris' Report and Recommendation, ECF No 24, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 18, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.

It is further **ORDERED** that Plaintiff's motions for ADA accommodations, an ex parte restraining order, to show cause, to sanction counsel, and to disqualify counsel, ECF Nos. 3, 4, 6, 7, 9, are **DENIED AS MOOT**.

It is further **ORDERED** that Defendants City of Saginaw, City of Saginaw Police Department, and Mark Toaz's Motion for a More Definite Statement or to Strike, ECF No. 21, is **DENIED AS MOOT**.

It is further **ORDERED** that Defendants Saginaw County, Saginaw County Sheriff W.C. Federspiel, and Saginaw County Undersheriff Miguel Gomez's Motion for a More Definite Statement, ECF No. 23, is **DENIED AS MOOT**.

Dated: August 28, 2020                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **VINCENT A. MARTIN, JR.,** PO Box 14405, Saginaw, Michigan 48601 by first class U.S. mail on August 28, 2020.

                         s/Kelly Winslow
                         KELLY WINSLOW, Case Manager